**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

UNITED STATES DISTRICT COURTS
EASTERN DISTRICT OF TEXAS
_____DIVISION

MAR 11 2026

Kimberly Carpenter
814 North Main Street
Jasper, TX 75951

BY
DEPUTY_____

Case Number: 1:26cv 91

Name of Plaintiff(s)

VS
Optomi Professional Services, LLC d/b/a Optomi and Provalus
101 E Houston St
Jasper, TX 75951

Name of Defendant(s)

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

Note: If plaintiff is alleging employment discrimination based on race or color, please also see 42:U.S.C. 1981

1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the court by 42 U.S.C. 2000e-5. Equitable and other relief are also sought under 42 U.S.C. 2000e-5(g).

2..    Plaintiff, ___Kimberly Carpenter___, is a citizen of the United States
        (name of plaintiff)

and resides at ___814 North Main Street___, ___Jasper___,
                    (street address)                    (city)

___Jasper___, ___Texas___, ___75951___, ___409-597-6093___.
    (county)        (state)        (zip)        (telephone)

3.. Defendant, Optomi Professional Services, LLC d/b/a Optomi and Provalus _____, resides at, or its business is

(name of defendant)

located at _____101 E Houston St_____, _____Jasper_____,

(street address)                                                    (city)

_____Jasper_____, _____Texas_____, _____75951_____, _____844-874-8562_____.

(county)            (state)            (zip)            (telephone)

4. Plaintiff sought employment from the defendant or was employed by the defendant

at _____101 E Houston St_____, _____Jasper_____,

(street address)                                (city)

_____Jasper_____, _____Texas_____, _____75951_____.

(county)                    (state)                    (zip)

5. Defendant discriminated against plaintiff in the manner indicated in paragraphs 9 and 10

of the complaint on or about _____12/27/2023-03/05/25_____.

(month, day, year)

6. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint on or about _____05/13/2025_____.

(month, day,  year)

7. The Equal Employment Commission issued a Notice of Right to Sue which was received by plaintiff on _____12/11/2025_____.

(month day, year)

8.    Because of plaintiff's (1) __X__ race, (2) _____ color, (3) _____ sex,

(4) __X__ national origin,   defendant:

a.    _____ failed to employ plaintiff.

b.    __x__ terminated plaintiff's employment.

c.    _____ failed to promote plaintiff.

d.    __x__ Other _____ Failed to provide reasonable ADA accommodations _____

_____

_____

9.    The circumstances under which the defendant discriminated against plaintiff were as follows:

OPS discriminated and retaliated against me in the basis of my disabilities lupus and autoimmune hemolytic anemia,

race Hispanic, religion Judaism, and age 53. OPS subjected me to severe discriminatory treatment. For instance, several of

my counterparts Sarah and Angela frequently made comments such as, "If you don't believe in Jesus you are going to hell."

I was reported for "talking about religion" when someone from another team heard I was Jewish. OPS subjected me to

blatant desperate treatment compared to younger non-Hispanic counterparts. For instance, Angela, Ms T, Kristian

Ogal, Crash, Sarah, and Sana Crawford were all permitted to work from home while I was required to work from the office

Other employees were freely permitted to take time off for various reasons including sick pets and spending time

with their children. However, when my ex-husband died, I requested time off to take care of my children. Rather than

allowing me the same policies and benefits as other employees, Ms T subjected me to increased scrutiny, requiring

documentation as proof in perpetuation of the discriminatory stereotype that Hispanics and Jewish people are untrustworthy.

And refused to provide me with more than one day off.

See attached for more

Additionally, OPS moved Ms. Carpenter's workspace to prevent Ms. Carpenter from "talking to" CaiLee Stephenson (Shift Lead, Caucasian, 21); however, Ms. Carpenter would speak with Ms. Stephenson about work related matters and work-related questions a s Ms. Stephenson - demonstrating that OPS was subjecting her to disparate treatment and attempting t o set her up to fail.

Ms. Carpenter escalated her concerns regarding the discriminatory environment to Rebecca Pearson (Human Resources, Caucasian, 30s) Kelli Ferraiolo (Human Resources, Caucasian, 30s), and Shelby Robertson (Human Resources, Caucasian, 20s) to no avail. Meanwhile, the harassment continued on a daily basis, further aggravating Ms. Carpenter's disability. OPS's incessant discriminatory and retaliatory harassment caused Ms. Carpenter to suffer a severe flare in her disability that required her to be hospitalized for two weeks after which she required reasonable accommodation of medical leave during which she underwent extensive tests and treatment including multiple biopsies and chemotherapy. She was ultimately diagnosed with a severe form of Lupus and Hemolytic Anemia and kept OPS updated regarding her status.

In early December 2025, Ms. Carpenter was released with the restriction of temporary remote work. She submitted her remote work accommodation request t o Jamal Jackson (Delivery Director, African American) and Human Resources. About a week later, OPS denied Ms. Carpenter's request to work remotely in her position and stated that she would be placed on a paid bench while OPS looked for an alternative remote position. However, OPS did not place her o n paid bench but rather unpaid leave and failed to provide or discuss any alternative, remote assignments out of discriminatory and retaliatory animus. Then, OPS demanded that Ms. Carpenter be cleared to return to work in office or be terminated - further illustrating OPS's refusal to reasonably accommodate her.

On March 5 , 2025, OPS terminated Ms. Carpenter on the basis of her disability and related protected activity. OPS's reason for terminating Ms. Carpenter is facially discriminatory and retaliatory. Further, there was no legitimate reason for OPS to refuse to reasonably accommodate Ms. Carpenter with
remote work as her position was capable of being performed remotely, which is demonstrated by the fact that OPS permitted her younger, Caucasian, non-Jewish counterparts - such as Sara - to work remotely without issue, further illustrating that OPS refused to reasonably accommodate Ms. Carpenter and terminated her out of discriminatory and retaliatory animus.

10. The acts set forth in paragraph 9 of this complaint:

    a.     \_\_\_\_\_     are still being committed by defendant.

    b.     \_\_x\_\_     are no longer being committed by defendant.

    c.     \_\_\_\_\_     defendant may still be committing the acts.

11. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint. WHEREFORE, Plaintiff prays that the Court grant the following relief to the plaintiff:

    a.     \_\_\_\_\_     Defendant be directed to employ plaintiff.

    b.     \_\_\_\_\_     Defendant be directed to re-employ plaintiff.

    c.     \_\_\_\_\_     Defendant be directed to promote plaintiff.

    d.     \_\_x\_\_     Defendant be directed to \_\_\_\_See attached\_\_\_\_ and that the

Court grant such relief as may be appropriate, including injunctive orders,

damages, costs and attorney's fees.

3/11/2026 _____

                       (Signature of Plaintiff)

11 D

Defendant be directed to pay plaintiff back pay with interest and all lost benefits; award front pay in lieu of re-employment (because the harassment and ADA denial have caused lasting harm that makes returning unsafe or impractical); award compensatory damages for severe emotional distress, pain and suffering, and physical harm (including the worsening of plaintiff's lupus and autoimmune hemolytic anemia requiring immunosuppressive medication); award punitive damages for defendant's reckless conduct that nearly caused plaintiff's death; and order defendant to provide reasonable ADA accommodations and anti-harassment training and that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Houston District Office**
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/11/2025

**To:** Kimberly Carpenter
814 N Main St
Jasper, TX 75951

Charge No: 460-2025-06211

EEOC Representative and email:    GERARD LADERA
INVESTIGATOR
GERARD.LADERA@EEOC.GOV

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge. The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of the EEOC's official notice of dismissal. Otherwise, your right to sue based on the above-numbered charge will be lost.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 460-2025-06211.

On behalf of the Commission,

Digitally Signed By:Rayford O. Irvin
12/11/2025

Rayford O. Irvin
District Director

**Cc:**
Stephanie G Kaplan
Blank Rome LLP
130 North 18th Street One Logan Square
Philadelphia, PA 19103

Sonia B Alfaro
Meaders & Alfaro
2 RIVERWAY STE 845
Houston, TX 77056

Incident Location
Optomi Professional Services, LLC d/b/a Optomi and Provalus
101 E Houston St
Jasper, TX 75951

Zane Herman Esq.
SPIELBERGER LAW GROUP
4890 W Kennedy Blvd. Ste. 950
Tampa, FL 33609


Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 460-2025-06211 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor, Houston, TX 77002.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 460-2025-06211 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor, Houston, TX 77002.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

✓ **Only one** major life activity need be substantially limited.

✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

Enclosure with EEOC Notice of Closure and Rights (05/25)

**are not considered** in determining if the impairment substantially limits a major life activity.

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

### "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | |

| Texas Workforce Commission, Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Kimberly Carpenter | (409) 597-6093 | 07/09/1971 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 814 N Main St. | Jasper, TX 75951 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Optomi Professional Services, LLC d/b/a Optomi and Provalus | 15+ | (844) 874-8562 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 1 Glenlake Pkwy., Ste. 1250 | Atlanta, GA 30328 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| [X] RACE  [ ] COLOR  [ ] SEX  [X] RELIGION  [X] NATIONAL ORIGIN | Earliest  11/22/2023    Latest  03/05/2025 |
| [X] RETALIATION  [X] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION | |
| [ ] OTHER *(Specify)* | [X] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**Statement of Harm:** Optomi Professional Services, LLC d/b/a Optomi and Provalus ("OPS") discriminated and retaliated against me on the basis of my disabilities (lupus and autoimmune hemolytic anemia), race/national origin (Hispanic), religion (Judaism), and age (53).

Throughout my tenure, OPS subjected me to severe discriminatory treatment. For instance, several of my counterparts, Sara (Christian, Caucasian, 30s) and Angela (Christian, Caucasian, 30s), frequently made comments such as "if you don't believe in Jesus you're going to hell" and reported me for "talking about religion" when I stated I was Jewish. Additionally, OPS subjected me to blatant disparate treatment compared to my younger, non-Hispanic counterparts. For instance, Angela, "Miss T" (African American), Kristen Ogal (Caucasian, 30s), Crash (Caucasian, 24), Sara (Caucasian, 30s), and Sanna Crawford (SD Analyst, African American, 23) were all permitted to work from home, while I was required to work in the office.

**Continued on page 2**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 05/13/2025 _____ *K Carp*<br><sub>Carpenter, Kimberly (May 13, 2025 14:06 CDT)</sub><br><br>Date      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA  [X] EEOC | |

| **Texas Workforce Commission, Civil Rights Division** | and EEOC |
|---|---|
| State or local Agency, if any | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**Continued from page 1**

Further, other employees were freely permitted to take time off for various reasons including sick pets and spending time with their children. However, when my ex-husband died, I requested time off to go take care of my children. Rather than allowing me the same policies and benefits as other employees, Miss T subjected me to increased scrutiny, requiring documentation as proof in perpetuation of the discriminatory stereotype that Hispanics and Jewish people are untrustworthy, and refused to provide me with more than one day off. Additionally, OPS moved my workspace to prevent me from "talking to" CaiLee Stephenson (Shift Lead, Caucasian, 21); however, I would speak with Ms. Stephenson about work related matters and questions as Ms. Stephenson – demonstrating that OPS was subjecting me to disparate treatment and attempting to set me up to fail.

I escalated my concerns regarding the discriminatory environment to Rebecca Pearson (Human Resources, Caucasian, 30s) Kelli Ferraiolo (Human Resources, Caucasian, 30s), and Shelby Robertson (Human Resources, Caucasian, 20s) to no avail.  Meanwhile, the harassment continued on a daily basis, further aggravating my disability.

OPS's incessant discriminatory and retaliatory harassment caused me to suffer a severe flare in my disability that required me to be hospitalized for two weeks after which I required the reasonable accommodation of medical leave during which I underwent extensive tests and treatment including multiple biopsies and chemotherapy.  I was ultimately diagnosed with a severe form of Lupus and Hemolytic Anemia and kept OPS updated regarding my status.

In early December 2024, I was released with the restriction of temporary remote work.  I submitted my remote work accommodation request to Jamal Jackson (Delivery Director, African American) and Human Resources.  About a week later, OPS denied my request to work remotely in my position and stated that I would be placed on paid bench while OPS looked for an alternative remote position.  However, OPS only provided one month of paid bench time and the remainder of my leave was unpaid. OPS further failed to provide or discuss any alternative, remote assignments out of discriminatory and retaliatory animus.  Then, OPS demanded that I be cleared to return to work in office or be terminated – further illustrating OPS's refusal to reasonably accommodate me.

On March 5, 2025, OPS terminated me on the basis of my disability and related protected activity.  OPS's reason for terminating me is facially discriminatory and retaliatory.  Further, there was no legitimate reason for OPS to refuse to reasonably accommodate me with remote work as my position was capable of being performed remotely, which is demonstrated by the fact that OPS permitted my younger, Caucasian, non-Jewish counterparts – such as Sara – to work remotely without issue, further illustrating that OPS refused to reasonably accommodate me and terminated me out of discriminatory and retaliatory animus.

**Continued on page 3**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 05/13/2025  *Date*   Carpenter, Kimberly (May 13, 2025 14:06 CDT)  *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | |

| **Texas Workforce Commission, Civil Rights Division** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

**Continued from page 2**

A person with a disability is defined as:

1.  A person with a physical or mental impairment that substantially limits one or more major life activities; or
2.  A person with a record of such a physical or mental impairment; or
3.  A person who is regarded as having such an impairment.

I qualify as a person with a disability as defined by one or more of the above.

**Statement of Discrimination:** I believe I have been discriminated against because of my disabilities (lupus and autoimmune hemolytic anemia), race/national origin (Hispanic), religion (Judaism), and age (53) in violation of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., and Texas Labor Code § 21.001 et seq.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 05/13/2025 *(signature)* Carpenter, Kimberly (May 13, 2025 14:06 CDT) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Date*          *Charging Party Signature* | |